NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAULA MALIANDI,<br>　　　　　　　Plaintiff,<br>　vs.<br>MONTCLAIR STATE UNIVERSITY,<br>　　　　　　　Defendant. | Action No. 14-cv-1398 (SRC)(CLW)<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court on the expedited briefing with respect to Plaintiff's motion for leave to file an amended complaint and Montclair State University's (Defendant or the University) opposition thereto. (ECF Nos. 30, 32-35.) The Court declined to hear oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure and, for the reasons set forth below, denies the motion.

**I.   Background**

Plaintiff filed suit alleging that she was wrongfully terminated from her job with Defendant in violation of the Family Medical Leave Act (FMLA), 29 USC §§ 2601, et seq., as well as the New Jersey Law Against Discrimination (LAD), N.J. Stat. Ann. §§ 10:5-1 to -49. (Compl., ECF No. 1.) Defendant moved to dismiss on the basis of sovereign immunity as to the FMLA claim and contended that the Court thereby lacked jurisdiction over the LAD claim. (ECF No. 5.) The District Judge denied the motion, granted a stay pending appeal, and the Third Circuit reversed and remanded. (ECF Nos. 10, 18, 27.)

Plaintiff now seeks leave to file an amended complaint in which she asserts claims against two University employees under the FMLA. (Prop. Am. Compl., ECF No. 31-1, ¶¶ 11-20, 62-75.) Plaintiff contends that leave should be granted because the individuals are "appropriate defendants under the FMLA" and because the amended complaint relates back to the original complaint.

(Motion, ECF No. 32-2, at 4-12.[1]) Defendant counters that the amendment cannot relate back because, in light of the appellate ruling, the Court lacked jurisdiction over Plaintiff's complaint in the first instance. (Opp., ECF No. 33, at 11-14.) Defendant further argues that the requirements for relation back have not been met because it cannot be concluded that the proposed defendants received notice of the action within the time for service and knew or should have known that, but for a mistake, Plaintiff would have named them in the case. (Id., at 14.)

## II.     Relation Back Standard

Since it is apparent, as the parties acknowledge, Motion, at 5, 12, Opp., at 9-10 (citing 29 USC § 2617(c)(2)), that the statute of limitations has expired,[2] the Court proceeds to consider whether Plaintiff's proposed amendments relate back to the original complaint. Under Rule 15(c), a claim relates back to the filing of the original complaint if:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1).

Relation back promotes the resolution of disputes on their merits and, accordingly, the inquiry under Rule 15 "asks what the prospective defendant knew or should have known during

---

[1] References use page numbers assigned by CM/ECF.
[2] To be clear, Plaintiff laments the considerable passage of time during the pendency of the appeal, Motion at 2-3, 12, but offers no contention that the limitations period has not run.

the Rule 4(m) period [for service within 120 days],³ not what the plaintiff knew or should have known at the time of filing [his or] her original complaint." Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 548 (2010) (emphasis omitted); Glover v. F.D.I.C., 698 F.3d 139, 145-46 (3d Cir. 2012) ("[A] party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." (citations and quotations omitted)). Courts in this Circuit and elsewhere have found that a movant bears the burden of showing that a proposed claim relates back. See, e.g., Wine v. EMSA Ltd. P'ship, 167 F.R.D. 34, 38 (E.D. Pa. 1996) ("The plaintiff carries the burden to prove both the notice and 'mistake' requirements."); Gen. Linen Serv., Inc. v. Gen. Linen Serv. Co., 2015 WL 471011, at *2 (D.N.H. 2015) (collecting cases for the proposition that "the plaintiff bears the burden of showing that the Rule 15(c) relation back doctrine applies" but noting that "[t]he precise nature of that burden is not entirely clear"); In re Teligent Servs., Inc., 324 B.R. 467, 477 (Bankr. S.D.N.Y. 2005), aff'd, 372 B.R. 594 (S.D.N.Y. 2007) (citing Schiavone v. Fortune, 477 U.S. 21, 29 (1986); Childs v. City of Phila., 2000 WL 567240, at *3 (E.D.Pa. 2000)).

### III.   Jurisdiction to Consider Relation Back

The Court concurs with Defendant's contentions that relation back cannot apply for want of jurisdiction and, in any event, that the requirements for relation back are not met. First, it is well-established that the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction. Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs., 730 F.3d 291, 318 (3d Cir. 2013) (citing Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694, n.2 (3d Cir. 1996)). Next, the Third Circuit plainly held that Defendant is an arm of the state entitled to Eleventh Amendment immunity as to Plaintiff's FMLA claim in this matter.

---

³ The applicable period was 120 days when Plaintiff filed her complaint.

Maliandi v. Montclair State Univ., 845 F.3d 77, 86, 99 (3d Cir. 2016). And, because Defendant has not waived its immunity from suit on the LAD claim, the Court lacks jurisdiction over that claim. See id., at 99 ("[U]nless the District Court determines on remand that New Jersey has waived its immunity for [Plaintiff's] NJLAD claim, the suit against [Defendant] must be dismissed."); Opp., at 12-13; Bennett v. City of Atlantic City, 288 F. Supp. 2d 675, 683, n.6 (D.N.J. 2003) (finding lack of subject matter jurisdiction over pendant LAD claim where state did not waive immunity) (citing Raygor v. Regents of the Univ. of Minn., 534 U.S. 533, 541-42 (2002)); 28 USC § 1367. Thus, the Court lacked jurisdiction over Plaintiff's complaint as it was originally filed. This forecloses Plaintiff's attempt at relation back, as an "amendment cannot relate back to a complaint over which the Court did not have subject matter jurisdiction." Wellness Pub. v. Barefoot, No. 02-3773, 2008 WL 108889, at *10 (D.N.J. Jan. 9, 2008) (citing Kreider Dairy Farms, Inc. v. Glickman, 190 F.3d 113, 121 (3d Cir. 1999) (holding that district court lacked jurisdiction to entertain administrative appeal and thereby lacked jurisdiction over amended complaint because latter pleading could not relate back to original pleading)).

## IV.   Relation Back Notice and Mistake

Assuming that relation back could apply under the circumstances presented, and recognizing that there was no actual notice to the proposed defendants,[4] the Court examines whether Plaintiff has demonstrated constructive notice. Timely notice may be inferred via the "shared attorney" or "identity of interest" methods for imputing notice. Singletary v. Pennsylvania Dep't of Corr., 266 F.3d 186, 195-96 (3d Cir. 2001). The shared attorney method "is based on the notion that, when an originally named party and the party who is sought to be added are represented

---

[4] On this point, the Court discerns no evidence of actual notice and observes that Plaintiff impliedly acknowledges the same by arguing only for constructive notice, Motion, at 6-9, while Defendant denies that there was actual notice, Opp., at 15. In any event, the result here would be unchanged if the individuals received actual notice, since Plaintiff's motion fails for reasons distinct from notice.

by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." Id., at 196. The relevant inquiry under this method is whether notice of the institution of the action can be imputed to the proposed party within the 120 day period by virtue of representation that they shared with the named party. Id. Similarly, "[i]dentity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Id., at 197 (citations and quotations omitted).

Here, Plaintiff did not name the proposed defendants or describe their actions in the original complaint. Compare Compl., ¶¶ 18-36 with Prop. Am. Compl., ¶¶ 32-41, 48-52. Plaintiff likewise did not name any Doe defendants or misidentify any individuals. Further, Plaintiff did not seek to amend her complaint, whether as of right or by leave of Court, within the 120 day period despite receiving notice via Defendant's motion to dismiss that immunity was its principal defense[5]—although six months after the period expired Plaintiff sought leave to amend her complaint to divest this Court of jurisdiction by withdrawing her FMLA claim.[6] (ECF No. 19.)

Considering these facts, the Court proceeds to consider whether Plaintiff demonstrated that notice may be imputed via either method, or that she made a mistake. First, as to the shared attorney method, Plaintiff offers nothing more than speculation that the proposed defendants were actually represented by counsel of record here. See Garvin v. City of Philadelphia, 354 F.3d 215, 223 (3d

---

[5] Defendant filed the motion to dismiss eighty-nine (89) days after Plaintiff filed her complaint.
[6] The Court is careful to acknowledge that the timeliness and undue delay provisions of Rule 15(a) must not be conflated with the distinct relation back inquiry under Rule 15(c). See Krupski, 560 U.S. at 553 ("[T]he speed with which a plaintiff moves to amend her complaint or files an amended complaint after obtaining leave to do so has no bearing on whether the amended complaint relates back."). The passage of time is discussed herein not because Plaintiff was required to move to amend, but only insofar as it provides insight into Plaintiff's informed decision not to initially sue the proposed defendants as well as the impression of those persons regarding the same. See id., at 553-54, n.5 ("[T]he question under Rule 15(c)(1)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant[,]" and a court may consider post-filing conduct in assessing a purported mistake.).

Cir. 2003) (endorsing district court's statement that the applicable test "is not whether new defendants *will* be represented by the same attorney, but rather whether the new defendants *are* being represented by the same attorney" (emphasis in original)). In particular, even if the proposed defendants were aware of the lawsuit, it would be reasonable for those people as well as counsel to believe that Plaintiff only would pursue relief from the institution, as opposed to the individuals, in this action. Such a belief is reasonable because Plaintiff offered no details as to the individuals in the original complaint, Plaintiff waited well beyond the 120 day period to seek the amendments at issue here, and the University is better suited to compensate Plaintiff consistent with a settlement or verdict. Thus, it cannot be concluded that defense counsel is likely to have communicated to the individuals that they may well be joined in the action.

The identity of interest method presents a closer question. Plaintiff argues that such identity exists because both individuals are high-ranking officials at the University. (Motion, at 8; Prop. Am. Compl., ¶¶ 11, 16.) Defendant, on the other hand, asserts that "even if, as a consequence of their official positions within the University, the purported new defendants knew of the action against the University, they had no notice that plaintiff would seek damages from them personally." (Opp., at 18.) Again, the proposed defendants were not mentioned in the original complaint and, unlike in her proposed amendments, Plaintiff did not describe any particular actions taken by those individuals. Faced with such a sparse pleading, the individuals could reasonably perceive that they were not so intertwined with the University as to be on notice regarding their own potential liability. However, while one's position alone cannot serve as a basis for finding an identity of interest, see Singletary, 266 F.3d at 198-99 (surveying case law), the Court is satisfied that both are highly placed enough for their interests as employees to be identical to those of the University. Notwithstanding the lack of detail in Plaintiff's original complaint, the individuals—

by virtue of their high positions and the nature of Plaintiff's suit—surely were positioned akin to the University itself such that they received constructive notice of the litigation.

Despite the imputation of notice on the proposed defendants, Plaintiff has nonetheless failed to demonstrate that she made a mistake as contemplated by Rule 15(c)(1)(C)(ii). Plaintiff attempts to argue that, in light of the Third Circuit's ruling, her "mistake" was misidentifying the University instead of the individuals as the proper party. This argument is unavailing first because Defendant's motion to dismiss apprised Plaintiff of the possibility that the University was immune; Plaintiff thereafter declined to amend as of right or with the Court's leave and even pursued leave to amend only so as to drop the FMLA claim altogether. From the foregoing and considering the absence of Doe defendants or descriptions of individuals in the original complaint, it is clear that Plaintiff made a concerted decision as to the desired defendant as well as the state of the law regarding the viability of suing the University—and maintained that position during the considerable time elapsed from the commencement of this action to Third Circuit's ruling. Similarly, the Court finds that the individuals would reasonably understand the same upon the filing of the original claim as well as during the 120 day period and the time that followed. See Krupksi, 560 U.S. at 554 (citing Leonard v. Parry, 219 F.3d 25, 29 (1st Cir. 2000), for the proposition that post-filing events "can inform a defendant's reasonable beliefs concerning whether her omission from the original complaint represented a mistake (as opposed to a conscious choice)"). Accordingly, on the record presented, Plaintiff's action constitutes a "fully formed decision as opposed to a mistake" such that the requirements of Rule 15(c)(1)(C)(ii) are not met. See Krupksi, 560 U.S. at 552. The Court is likewise unconvinced that the purported mistake here was a "mere misnomer" or "lack of knowledge" regarding identification of the proper party, see id., at 553, because Plaintiff was well aware of the proposed defendants' identities but proceeded

on her theory of recovery despite ample opportunity to modify her approach. Thus, it cannot be concluded that the individuals knew or should have known that the action would have been brought against them but for Plaintiff's "mistake."[7]

## V. Arguments Raised in Reply

Finally, the Court considers Plaintiff's reply brief and Defendant's objection thereto. (ECF Nos. 34-35.) Plaintiff concedes that "[i]t is not certain whether [she] needs to seek relief pursuant to Rule 59(e) or 60(b) primarily because it is unclear that there is a final judgment in this matter[,]" but contends that relief is appropriate under either Rule. (Reply, ECF No. 34, at 5.) Plaintiff also argues that "the Court should apply the doctrine of equitable tolling and allow Plaintiff to file her amended complaint." (Id., at 8.) Defendant points out that Plaintiff's "moving brief did not raise [such] arguments, and so they may not be considered by the court." As to the merits of equitable tolling, Defendant emphasizes that Plaintiff "has not submitted a certification or even attempted to address the essential factors." (Id., at 2.) Defendant likewise argues that Plaintiff has failed to show that she is entitled to relief under Rule 60. (Id.)

It is well-established that "[a] party cannot raise an argument for the first time in a reply brief." Bayer AG v. Schein Pharm., Inc., 129 F. Supp. 2d 705, 716 (D.N.J. 2001) aff'd sub nom. Bayer AG v. Schein Pharm., Inc., 301 F.3d 1306 (Fed. Cir. 2002); Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994) (noting that "[a]n issue is waived unless a party raises it in its opening brief," and that "a passing reference to an issue" is insufficient (citations and quotations omitted)). Here, Plaintiff does not offer the disputed arguments in her opening brief, although Defendant briefly addresses Rule 60 in the context of

---

[7] The Court need not reach the issue of prejudice, but notes that while the considerable delay discussed herein could work substantial prejudice, the extent of such prejudice could have been mitigated by the constructive notice or Plaintiff's decision to file a parallel action in state court.

post-judgment amending of a complaint. (Opp., at 25.) Plaintiff then offers detailed arguments as to Rule 60 and equitable tolling in her reply.

Plaintiff's attempt to set forth these arguments is plainly insufficient. Nonetheless, the arguments fail on their merits because, as detailed herein, Plaintiff had notice and opportunity to avoid precisely the situation presented. As to equitable tolling and despite the fact-sensitive and multi-factor inquiry regarding the same, see Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 238-40 (3d Cir. 1999), Plaintiff offers only a cursory analysis with conclusory statements while ignoring her own conduct since the inception of this case. So too for Rule 60: though Plaintiff cites applicable authority, e.g., Reply, at 6 (citing Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014)), she blames the delay on Defendant for proceeding with its appeal, fails to address her own apparent litigation strategy, and fails to offer any convincing argument for how she is facing "extraordinary circumstances" and an "unexpected hardship." The Court therefore concludes that Plaintiff has not met her burden to receive the extraordinary relief requested in her reply brief.

**ACCORDINGLY, IT IS** on this 9th day of March, 2017,

**ORDERED** that Plaintiff's motion for leave to file an amended complaint is **DENIED**; and

**ORDERED** that the Clerk shall terminate ECF No. 32.

*s/ Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**