<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PAULA MALIANDI, <br><br> Plaintiff, <br><br> v. <br><br> MONTCLAIR STATE UNIVERSITY, <br><br> Defendant. | Civil Action No. 14-01398 (SRC) <br><br> **OPINION** |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court upon: (1) Plaintiff Paula Maliandi's appeal of Magistrate Judge Waldor's decision denying Plaintiff's motion for leave to amend her Complaint [Docket Entry 38]; (2) Defendant Montclair State University's ("MSU") cross-appeal of one of Magistrate Judge Waldor's findings within her denial of the motion for leave to amend [Docket Entry 42]; and (3) Defendant Montclair State University's motion to dismiss the entire Complaint for lack of subject matter jurisdiction [Docket Entry 39]. Each party has opposed the other's submissions [Docket Entries 42 and 43]. The Court has considered the parties' submissions and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will affirm Magistrate Judge Waldor's denial of leave to amend the Complaint, deny Defendant's cross-appeal as moot, and grant Defendant's motion to dismiss.

**I.    BACKGROUND**

On March 5, 2014, Plaintiff Paula Maliandi ("Plaintiff") filed suit alleging that she was wrongfully terminated from her job with Defendant Montclair State University ("MSU"), in

violation of the federal Family Medical Leave Act ("FMLA") and New Jersey's Law Against Discrimination ("NJLAD"). Instead of filing an Answer, MSU moved to dismiss the Complaint for lack of subject matter jurisdiction based on Eleventh Amendment sovereign immunity grounds [Docket Entry 5]. This Court issued an Opinion and Order on July 31, 2014, concluding that MSU is not the State's alter ego and is subject to suit [Docket Entry 10]. Thus, the Court denied MSU's motion to dismiss for lack of subject matter jurisdiction [Docket Entry 10]. MSU appealed [Docket Entry 14]. On appeal, the Third Circuit reversed and remanded this Court's July 31, 2014 Order, finding that MSU is indeed an arm of the State, and it therefore was entitled to Eleventh Amendment immunity. *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 81 (3d Cir. 2016). The Third Circuit held that "unless the District Court determines on remand that New Jersey has waived its immunity for Maliandi's NJLAD claim, the suit against MSU must be dismissed." *Id.* at 99.

On remand, Plaintiff filed a motion for leave to amend her Complaint to add two University employees as defendants to the FMLA claim [Docket Entry 32]. On March 9, 2017, Magistrate Judge Waldor denied the motion for leave to amend, finding that the amendment could not relate back because pursuant to the Third Circuit's decision, the Court lacked subject matter jurisdiction over the original Complaint [Docket Entry 36 (hereinafter "Mag. Op.") at 3-4]. Judge Waldor also found that even if the Court had jurisdiction, the amendment would not relate back under Federal Rule of Civil Procedure 15(c)(1)(C) because Plaintiff's decision to exclude the University employees as defendants in her original Complaint was a fully informed decision rather than a mistake. (Mag. Op. at 7-8). Plaintiff now appeals Judge Waldor's decision [Docket Entry 38]. Defendant cross-appeals on one part of Judge Waldor's decision

2

[Docket Entry 42]. Defendant also moves to dismiss the entire Complaint for lack of subject matter jurisdiction [Docket Entry 39].

## II. APPEAL OF MAGISTRATE JUDGE WALDOR'S OPINION AND ORDER

### a. STANDARD OF REVIEW

The standard of review of a magistrate judge's decision depends upon whether the issue addressed was dispositive or non-dispositive. *Andrews v. Goodyear Tire & Rubber* Co., 191 F.R.D. 59, 67 (D.N.J. 2000). A magistrate judge's recommended disposition of a dispositive matter is subject to *de novo* review, whereas recommendations as to non-dispositive matters are subject to lesser scrutiny under a clearly erroneous standard. FED. R. CIV. P. 72; *see also In re Gabapentin Patent Litig.,* 312 F. Supp. 2d 653, 661 (D.N.J. 2004). While motions to amend are typically treated as non-dispositive matters, *Gutierrez v. Johnson & Johnson,* 227 F.R.D. 255, 257 (D.N.J. 2005), here, Magistrate Judge Waldor denied the motion for leave to amend in part based on a dispositive issue of subject matter jurisdiction. This Court need not decide which standard of review applies because under either standard, the Court is firmly convinced that Judge Waldor's ruling is correct. Even assuming arguendo that de novo review applies, this Court will affirm Judge Waldor's decision.

### b. RELATION BACK

Plaintiff argues that Judge Waldor erred in denying Plaintiff leave to amend because her amended Complaint "relates back" to the original Complaint under Rule 15(c). Under Federal Rule of Civil Procedure 15(c), a proposed amended complaint filed after the statute of limitations period is not barred if it "relates back" to a date prior to the end of the limitations period.

3

### i. JURISDICTION TO CONSIDER RELATION BACK

Judge Waldor first held that the amended Complaint could not relate back here because this Court lacked subject matter jurisdiction over the original Complaint and "an amendment cannot relate back to a complaint over which the Court did not have subject matter jurisdiction." *Wellness Pub. v. Barefoot*, No. 02-3773, 2008 WL 108889, at *10 (D.N.J. Jan. 9, 2008) (citing *Kreider Dairy Farms, Inc. v. Glickman*, 190 F.3d 113, 121 (3d Cir. 1999). In order to determine whether Judge Waldor was correct, this Court must first, then, confirm that this Court lacks subject matter jurisdiction.

On the appeal of this case, the Third Circuit held that due to Eleventh Amendment immunity, this Court could not consider Plaintiff's FMLA claim,[1] the only federal claim in the Complaint. *Maliandi,* 845 F.3d 77 at 99. The Third Circuit noted that this Court could only retain subject matter jurisdiction over the Complaint if the Court had supplemental jurisdiction over Plaintiff's NJLAD state law claim. *Id.* District courts lack "jurisdiction to hear supplemental state-law claims against sovereign entities absent consent by the entity to suit in federal court." *Garcia v. Richard Stockton Coll. of New Jersey*, 210 F. Supp. 2d 545, 550 (D.N.J. 2002) (citing *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541 (2002)) ("[Section] § 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants."); *Figueroa v. City of Camden*, 580 F. Supp. 2d 390 (D.N.J. 2008) (citing *Raygor*, 534 U.S. at 541). Thus, the Third Circuit directed this Court to determine whether MSU has

---

[1] Although the Supreme Court has not fully articulated the extent of the jurisdictional nature of the Eleventh Amendment, the Supreme Court has stated that in some sense, the "Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar." *Edelman v. Jordan*, 415 U.S. 651, 678 (1974); *see also* 13 CHARLES ALAN WRIGHT ET. AL., FEDERAL PRACTICE AND PROCEDURE § 3524.1 (3d ed. 2017).

4

waived its immunity on the NJLAD claim, and stated that "unless the District Court determines on remand that New Jersey has waived its immunity for Maliandi's NJLAD claim, the suit against MSU must be dismissed." *Maliandi,* 845 F.3d 77 at 99.

"State's sovereign immunity is 'a personal privilege which it may waive at pleasure.'" *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999) (citing *Clark v. Barnard,* 108 U.S. 436, 447 (1883)). The State's decision to waive that sovereign immunity is thus "altogether voluntary on the part of the sovereignty." *Id.* (internal citation omitted). The Supreme Court has held that the "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Id.* (internal citation omitted). A State has only waived immunity "if the State voluntarily invokes our jurisdiction or else if the State makes a 'clear declaration' that it intends to submit itself to our jurisdiction." *Id.* at 675-76 (internal citations omitted). "Anything less than an express and unequivocal waiver of immunity is insufficient to subject a State to suit." *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 680 (D.N.J. 2003). Therefore, even if a State consents to suit in its own courts, it does not waive its immunity in federal courts. *Coll. Sav. Bank*, 527 U.S. at 676 (citing *Smith v. Reeves,* 178 U.S. 436, 441-45 (1900)). Moreover, "a State may, absent any contractual commitment to the contrary, alter the conditions of its waiver and apply those changes to a pending suit." *Id.* (internal citation omitted).

Here, MSU has expressly asserted immunity as an "arm of the state" throughout the litigation. MSU never filed an Answer, instead moving to dismiss on Eleventh Amendment sovereign immunity grounds from the outset. Additionally, on the pending appeal and motion to

5

dismiss, MSU expressly asserts immunity on the NJLAD claim. Thus, MSU has never consented to the pending suit.

Moreover, even though a state can waive sovereign immunity through an explicit state statute, "[t]he NJLAD does not contain the express language required to waive the State's immunity from suit in federal court." *Bennett*, 288 F. Supp. 2d at 680. While the NJLAD allows private suits against the State in New Jersey's state courts, it does not allow suit in federal court. *Garcia*, 210 F. Supp. 2d at 550 (citing N.J. STAT. ANN. §§ 10:5–5(e), 10:5–13). "New Jersey has not stated 'by the most express language' that it is open to private suits under the NJLAD in federal court." *Id.* Thus, courts in this district have explained that "[t]hese principles produce the surprising, but unfortunately inevitable, conclusion that a plaintiff may not sue the State of New Jersey, or its alter egos, under the NJLAD in federal court." *Id.*

Plaintiff argues that MSU has waived immunity because in past cases, courts have held the State of New Jersey liable on NJLAD claims when the State was acting in its capacity as an employer. Plaintiff cites several cases that, upon closer examination, do not support her argument. First, she cites *Rudolph v. Adamar of N.J.*, 153 F. Supp. 2d 528 (D.N.J. 2001), for the proposition that when the State is acting as an employer, it has waived its sovereign immunity for NJLAD purposes. 153 F. Supp. 2d at 542. Nevertheless, Judge Orlofsky, who decided *Rudolph,* clarified in an opinion one year later that *Rudolph* "did not hold that the State of New Jersey had waived its sovereign immunity in federal court when acting as an employer." *Garcia*, 210 F. Supp. 2d at 550 n.4. Thus, Plaintiff's reliance on *Rudolph* is unconvincing. Additionally, Plaintiff cites *Motley v. New Jersey State Police,* 196 F. 3d 160 (3d. Cir. 1999), and *Lanni v. State of N.J.,* 177 F.R.D. 295 (D.N.J. 1998), but neither of these cases addressed the question of

6

sovereign immunity in relation to NJLAD claims. Finally, Plaintiff cites *Heine v. Comm'r of Dep't of Cmty. Affairs of New Jersey*, No. 11-5347, 2014 WL 4199203, at *5 (D.N.J. Aug. 22, 2014), but in that case the district court actually dismissed the NJLAD claim because of Eleventh Amendment immunity. Therefore, Plaintiff has failed to support her claim that MSU has waived immunity on NJLAD claims when it serves as an employer.

Next, Plaintiff argues that MSU has not raised the immunity defense in past cases brought against it under the NJLAD, and thus it automatically waived immunity from suit in this case. This argument is unpersuasive because even if a State waives immunity in certain NJLAD cases, it is not a blanket waiver of immunity in all NJLAD cases. The Court cannot infer waiver from previous cases since a State may alter the conditions of its waiver for a pending suit. *See Coll. Sav. Bank*, 527 U.S. at 676. Because this Court has no grounds upon which to find a waiver of immunity, MSU is immune from suit under the NJLAD as well.

Because MSU has not consented to suit under the NJLAD in federal court, this Court lacks supplemental jurisdiction over the NJLAD claim. In turn, the Court lacks subject matter jurisdiction over the only two claims in the original Complaint. Because this Court lacks subject matter jurisdiction over the original Complaint, the amendment cannot relate back. *See Wellness Pub. v. Barefoot*, 2008 WL 108889, at *10 ("[A]n amendment cannot relate back to a complaint over which the Court did not have subject matter jurisdiction.") (citing *Kreider Dairy Farms, Inc. v. Glickman*, 190 F.3d at 121). This Court therefore affirms Judge Waldor's decision that the Court lacks subject matter jurisdiction over the original Complaint and therefore, Plaintiff's amendment cannot relate back.

### ii. AMENDMENTS THAT CHANGE THE PARTY AGAINST WHOM A CLAIM IS ASSERTED UNDER RULE 15(C)(1)(C)

Even if the Court had subject matter jurisdiction over the original Complaint such that Plaintiff's relation back argument could proceed,[2] the amended Complaint would not relate back under Federal Rule of Civil Procedure 15(c)(1)(C).  Under the rule, if a party amends the defendants against whom a claim is asserted, the amendment only "relates back" if: "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading," and if:

> [W]ithin the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity

FED. R. CIV. P. 15(c)(1)(C).

### 1. MISTAKE UNDER RULE 15(C)(1)(C)(II)

The question under Rule 15(c)(1)(C)(ii) is whether the new defendant "knew or should have known that it would have been named as a defendant but for an error." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010).  Thus, the focus of this inquiry is on "what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the

---

[2] This Court can consider Plaintiff's argument regarding Federal Rule of Procedure 15(c) because although the Supreme Court has stated that "a federal court has no power to entertain an action if Article III jurisdiction is lacking – [this rule] simply does not apply when the jurisdictional defect is the bar erected by the Eleventh Amendment." *In re Hechinger Inv. Co. of Delaware, Inc.*, 335 F.3d 243, 250 (3d Cir. 2003).  *See also Bowers v. Nat'l Collegiate Athletic Ass'n*, 346 F.3d 402, 418 (3d Cir. 2003) ("Eleventh Amendment cases do not raise the same separation of powers concerns with respect to hypothetical jurisdiction as do Article III standing cases.").

*plaintiff* knew or should have known at the time of filing her original complaint." *Id*. "To the extent the plaintiff's postfiling conduct informs the prospective defendant's understanding of whether the plaintiff initially made a 'mistake concerning the proper party's identity,' a court may consider the conduct." *Id.* at 554. "When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." *Id.* at 552.

Here, Judge Waldor found that the amendment could not relate back under Rule 15(c)(1)(C) because Plaintiff failed to demonstrate that the University employees were aware that an action would have been brought against them if Plaintiff had not made a mistake. Judge Waldor found that even though Plaintiff was "well aware of the proposed defendants' identities", she "proceeded on her theory of recovery despite ample opportunity to modify her approach." (Mag. Op. at 7-8). Plaintiff declined to amend as of right and she again declined to amend with the Court's leave even after MSU filed its motion to dismiss that alerted Plaintiff that MSU could be immune. (Mag. Op. at 7). From this conduct, the prospective defendants were likely to infer that they would not be brought into suit and that Plaintiff's decision not to include them as defendants was part of her fully informed litigation strategy. Plaintiff only added the University employees once she found out that MSU was immune. This is not the type of mistake the statute anticipates. Therefore, this Court affirms Judge Waldor's decision that Plaintiff's amended Complaint does not relate back under 15(c)(1)(C).

9

### 2. NOTICE UNDER RULE 15(C)(1)(C)(I)

MSU cross-appeals one part of Judge Waldor's decision. In Judge Waldor's opinion, she found that under Rule 15(c)(1)(C)(i), the University employees had constructive notice of the lawsuit through their identity of interest with the University. Judge Waldor explained that the University employees "by virtue of their high positions and the nature of Plaintiff's suit – surely were positioned akin to the University itself such that they received constructive notice of the litigation." (Mag. Op. at 7). Despite this constructive notice, however, she found that the amended Complaint did not relate back under Rule 15(c)(1)(C)(ii) because the University employees could not have inferred from Plaintiff's conduct that but for a mistake, they would have been brought into suit. MSU appeals Judge Waldor's determination that the University employees had constructive notice by virtue of their positions.

This Court need not reach the issue on cross-appeal because as explained above, the Court is affirming Judge Waldor's decision that the amended Complaint does not relate back under Rule 15(c)(1)(C)(ii). This Court agrees with Judge Waldor that the amended Complaint does not relate back because the University employees would not have inferred that they would be brought into suit considering that Plaintiff fully intended to sue MSU only, and not the University employees. Therefore, this Court need not determine whether the proposed new defendants had constructive notice. In sum, because the Court affirms Judge Waldor's decision, MSU's cross-appeal is moot.

### III. MOTION TO DISMISS

Defendant moves to dismiss the Complaint in its entirety as a necessary corollary to the denial of leave to amend. Plaintiff, in response, argues that even if the Court lacks jurisdiction

over the federal FMLA claim, the Court retains supplemental jurisdiction over the NJLAD claim. This Court has already explained above that it lacks supplemental jurisdiction to hear the NJLAD claim because MSU has not waived its immunity from suit on the NJLAD here.  Given that MSU is immune from suit under the FMLA and the NJLAD, the only two claims that Plaintiff has brought here, the Court must dismiss the Complaint in its entirety.[3]  The Court dismisses this case without prejudice, leaving Plaintiff the opportunity to file a state court action.  Although Plaintiff may still face a sovereign immunity issue in state court, she is free to litigate that issue there.

### IV. CONCLUSION

For the foregoing reasons, the Court will affirm Magistrate Judge Waldor's Opinion and Order and grant Defendant's motion to dismiss.  An appropriate Order will be filed herewith.


                                                      s/ Stanley R. Chesler

                                              STANLEY R. CHESLER

                                              United States District Judge

Dated:  July 17, 2017

---

[3] Plaintiff's argument that the Court has discretion to exercise jurisdiction over the remaining state law claim is plainly inaccurate because MSU has shown that is immune from suit on the NJLAD claim.